IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE LEWIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-059 |
| | ) | |
| AT&T, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff is proceeding *pro se* and alleges Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* (See doc. nos. 5-6.) Presently before the Court is Defendant's motion to dismiss the case for failure to prosecute or as a discovery sanction (doc. no. 46), and Plaintiff's motion for an extension of time. (Doc. no. 45.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's extension motion, (doc. no. 45), be **DENIED**, Defendant's motion to dismiss, (doc. no. 46), be **GRANTED**, and this case be **DISMISSED** with prejudice and **CLOSED**.

**I.     BACKGROUND**

On January 25, 2022, Defendant served on Plaintiff its first set of interrogatories and requests for production. (Doc. no. 24, p. 1.) Despite defense counsel's multiple attempts to gain Plaintiff's cooperation, Plaintiff failed to serve discovery responses and refused to

communicate his availability for depositions. (Id. at 3.) Defendant moved to compel, (id.), and on March 29, 2022, the Court granted the motion and ordered Plaintiff to: (1) provide defense counsel with available dates for his deposition, to be conducted in Atlanta, Georgia; and (2) serve responses to Defendant's First Interrogatories and First Request for Production of Documents. (Doc. no. 27.)

On April 27, 2022, Plaintiff asked the Court to move his deposition location from Atlanta to Augusta, claiming an inability to travel to Atlanta. (Doc. no. 28.) In its response, Defendant reported Plaintiff's continuing failure to serve discovery responses and refusal to provide available dates for his deposition. (Doc. no. 32.) Concerned about Plaintiff's continued recalcitrance, the Court conducted a telephonic status conference on June 1, 2022. Plaintiff failed to appear for the conference. (Doc. no. 39.)

By Order dated June 6, 2022, the Court ordered Plaintiff to: (1) serve full and complete responses to Defendant's First Interrogatories and First Request for Production of Documents, along with all documents responsive to the document requests, on or before June 22, 2022; and (2) by no later than June 24, 2022, file on the docket copies of his signed and dated responses along with a certificate of service confirming he mailed the discovery responses to counsel for Defendant. (See doc. no. 40.) The Court cautioned Plaintiff that failing to file copies of his signed and dated responses and a certificate of service would result in a recommendation for dismissal of this action with prejudice. (Id. at 2.) Plaintiff failed to comply with the Order. (Doc. no. 46, p. 2.) Instead, on June 28, 2022, six days after the service deadline and four days after the certification deadline, Plaintiff filed a motion for an extension to permit his out-of-time compliance. (Doc. no. 45.) In addition, the

discovery responses that he claims to have served on June 28, 2022, are woefully inadequate and beg the question why it took Plaintiff more than five months to prepare them.  (Id. at 4-5.)

## II.    DISCUSSION

### A.    Plaintiff's Case Is Subject to Dismissal as a Sanction for Failing to Obey the Court's Discovery Order.

Fed. R. Civ. P. 37(b)(2) authorizes courts to impose sanctions, including dismissal, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . ."  Dismissal should only be imposed as a Rule 37 sanction "when less drastic sanctions would not ensure compliance with the court's orders."  Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993).  In addition, dismissal is only appropriate "when a plaintiff's recalcitrance is due to willfulness, bad faith or fault."  Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).  Furthermore, "[d]ismissal with prejudice is the most severe Rule 37 sanction and is not favored."  Id.; see also Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim . . . ought to be a last resort – ordered only if noncompliance with discovery orders is due to willful or bad faith disregard of those orders.").

Here, Plaintiff's refusal to timely respond to Defendant's discovery requests despite multiple court Orders that he do so constitutes willful refusal to obey.  At every turn, Plaintiff has obstructed defense counsel's ability to move forward with the case and frustrated the Court's attempts to manage the case by ignoring court orders and failing to appear for a discovery conference.  In short, despite initiating this lawsuit, Plaintiff does not have any interest in doing the bare minimum required to pursue it.  Therefore, dismissal with prejudice

3

is warranted as a discovery sanction under Fed. R. Civ. P. 37(b)(2), and Defendant's motion to dismiss, (doc. no. 46), should therefore be **GRANTED**.

B.   **Plaintiff's Case Is Also Subject to Dismissal for Failure to Prosecute.**

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to attend a telephonic status conference or comply with multiple Court Orders, amounts not only to a failure to prosecute, but also an abandonment of

4

his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to comply may result in a recommendation of dismissal.

### III.   CONCLUSION

For these reasons, the Court **REPORTS** and **RECOMMENDS** Plaintiff's extension motion, (doc. no. 45), be **DENIED,** Defendant's motion to dismiss, (doc. no. 46), be **GRANTED**, and this case be **DISMISSED** with prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA